IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIR ADVANTAGE, INC., | )<br>) |
| Plaintiff, | )<br>) Civil Action No. 14 CV 5694<br>) |
| v. | ) Hon. Charles R. Norgle<br>) |
| FEDERAL INSURACE COMPANY,<br>et al., | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Defendant Starr Adjustment Services Inc.'s Motion to Dismiss First Amended Complaint Pursuant to FRCP 12(b)(6) [16] is granted in part and denied in part.

## STATEMENT

Plaintiff Air Advantage, Inc. ("Plaintiff") is in the business of aerial application to farm land, also known as "crop-dusting."[1] On July 15, 2013, its aircraft, a 1994 Air Tractor, lost engine power in flight and crash landed near Nauvoo, Illinois. After an unfavorable experience with the insurance claims process, Plaintiff filed a declaratory judgment action against its insurer, Federal Insurance Company ("Federal"), and the insurance claim adjustment company, Starr Adjustment Services, Inc. ("Starr"). Before the Court is Starr's motion to dismiss the two counts against it, Counts V and VI of Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the "plausibility standard," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit, Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). Yet, to survive a motion to dismiss, a plaintiff's "complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 663-64 (2009) (citing Twombly, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, courts accept all facts pleaded in a plaintiff's complaint as true, review all exhibits to the complaint, and draw all reasonable inferences in the plaintiff's favor. Bogie v. Rosenberg, 705 F.3d 603, 609 (7th Cir. 2013)

---

[1] For a great cinematic depiction of a crop-dusting plane in action, see the eponymous scene in Alfred Hitchcock's 1959 film, North by Northwest.

(citations omitted). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." Id.

Because this is a diversity action, the Court must first decide which state's law to apply in this case. Courts "honor reasonable choice of law stipulations in contract cases regardless of whether such stipulations were made formally or informally, in writing or orally." Auto-Owners Ins. Co. v. Websolv Computing, Inc., 580 F.3d 543, 547 (7th Cir. 2009) (citing Lloyd v. Loeffler, 694 F.2d 489, 495 (7th Cir. 1982)). "'Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.'" Id. (quoting Wood v. Mid-Valley Inc., 942 F.2d 425, 427 (7th Cir. 1991)). Plaintiff "submits that Iowa law governs its claims against Starr." Pl.'s Resp. at 3. And "Starr agrees that the substantive law of Iowa controls the issues in this case." Def.'s Reply at 1. Plaintiff is an Iowa corporation, the plane operated primarily in Iowa, and even though the crash happened in Illinois, it occurred near the Iowa/Illinois border. The Court finds that the parties' formal written agreement in their pleadings to be reasonable and the Court will apply Iowa law.

As a preliminary matter, Plaintiff moves in its responsive pleading to "voluntarily withdraw[] Count V ("Third-Party Breach of Contract Against Starr") of its First Amended Complaint (ECF No. 14), based upon its review of the contracts at issue, which were recently produced by Starr per the Parties' agreed order (ECF No. 20)." Pl.'s Resp. at 2. Under Rule 41(a), Plaintiff is certainly allowed to do so. Accordingly, Count V of Plaintiff's Amended Complaint is dismissed.

The Court now turns to Starr's motion to dismiss Count VI, Plaintiff's negligent misrepresentation claim. In Iowa, the tort of negligent misrepresentation is commonly litigated. See e.g. Pitts v. Farm Bureau Ins. Co., 818 N.W.2d 91 (Iowa Sup. Ct. 2012); Van Sickle Constr. Co. v. Wachovia Commercial Mortgage, Inc., 783 N.W.2d 684 (Iowa Sup. Ct. 2010); Sain v. Cedar Rapids Cmty. Sch. Dist., 626 N.W.2d 115 (Iowa Sup. Ct. 2001). In these cases, the Iowa Supreme Court uniformly applies the Restatement (Second) of Torts § 552 in negligent misrepresentation claims, which states:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>>
>> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

This Court will do the same. To put the elements of the tort another way, a plaintiff must allege that (1) a defendant supplied false information; (2) someone justifiably relied on the misrepresentation; and (3) damages. If Plaintiff's allegations, viewed in the light most favorable to it, state these three elements, then Plaintiff's complaint survives Starr's motion to dismiss.

Here, Plaintiff had an insurance policy with Federal Insurance Company that insured its Air Tractor for $500,000 in the event of a "total loss." First Am. Compl., ¶¶ 30-33 and Ex. A at 18. After investigating the plane crash, Starr had Plaintiff sign and submit a form titled "Partial Proof of Loss – Aircraft," in which Starr stated the partial amount of the loss was $91,000. See First Am. Compl. ¶ 19 and Ex. C at 2. A few months later, Starr informed Plaintiff that several policy exclusions applied to its insurance claim, thus, Federal would only be paying for part of the damage to the Air Tractor. Id. at ¶ 26 and Ex. D. In the denial of coverage letter, Starr stated that the policy would not provide coverage for the damaged engine. Id., Ex. D at 2. Ultimately, Starr concluded that "[c]overage is denied by Starr, on behalf of Federal, for those aspects of this claim." Id., Ex. D at 5. Plaintiff believes that it will cost another $300,000 to $350,000 to replace or repair the Air Tractor's engine. Id. at ¶ 27. Neither Federal nor Starr remitted any additional money to Plaintiff after the initial $91,000 payment was made pursuant to the Partial Proof of Loss. Id. at ¶ 29.

Plaintiff alleges three theories of how Starr made a negligent misrepresentation. Id. at ¶ 84. One theory is that Starr negligently misinformed Federal not to pay Plaintiff for all the damage that its Air Tractor incurred, an amount including the cost to repair the damaged engine. Id. Second, Plaintiff alleges that Starr erroneously advised Federal not to pay Plaintiff the total loss amount of $500,000 less any deductible. Id. And third, Plaintiff alleges that Starr's solicitation of the Partial Proof of Loss form, without the disclosure of the potential for a denial in coverage, deprived Plaintiff of the ability to fully repair or replace its Air Tractor. Id. Each one of these theories suggests that Plaintiff has a right to relief and contains the elements necessary to state a claim of negligent misrepresentation—Starr made a misrepresentation, Federal or Plaintiff relied on it, and Plaintiff was harmed. The merits of the claim, e.g., the interpretation of the insurance policy, whether the information supplied by Starr was false, and the amount of damages, are yet to be determined. However, the allegations in Plaintiff's Amended Complaint, supplemented by the insurance claim forms produced by Starr, are enough to survive Starr's motion to dismiss.

In conclusion, the Court finds that: (1) Iowa law governs this case; (2) Plaintiff voluntarily dismisses Count V against Starr; and (3) Plaintiff's Count VI against Starr meets the Rule 12(b)(6) plausibility standard and is not dismissed. Accordingly, Starr's motion to dismiss is granted in part and denied in part.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 2, 2015

3